UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONNIE DEWAYNE REDDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00146-SNLJ |
| ) | |
| CARUTHERSVILLE MISSOURI ) | |
| POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Donnie Dewayne Redden for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, naming as defendants the Caruthersville Police Department, Chief of Police Tony Jones, Officer Darnell, and Officer Lacy as defendants. (Docket No. 1 at 1-3). Chief Jones is sued in both his individual and official capacities, while Officers Darnell and Lacy are sued in their individual capacities only. (Docket No. 1 at 2-3). The complaint alleges that his constitutional rights were violated when defendants failed to arrest the man who purportedly robbed him.

In the "Statement of Claim," plaintiff asserts that on September 10, 2021, a man came to plaintiff's residence and asked for a cigarette. (Docket No. 1-1 at 1). When plaintiff reached into his shirt pocket, the man "snatched [plaintiff's] wallet out [of his] back pocket," breaking the wallet chain. (Docket No. 1 at 1; Docket No. 1-1 at 1). The wallet contained $300, which the man took.

Plaintiff called the police, and Officer Darnell and Officer Lacy responded. The officers "picked up the suspect and brought him to [plaintiff's] house," where plaintiff identified him. (Docket No. 1-1 at 1). Officer Lacy then took the man "across the road from [his] residence and let him go."

On September 11, 2021, plaintiff found his wallet in a trash dumpster at the Riverview Apartments, where the man who allegedly robbed him had been released by the police. Plaintiff called the police department, and Officer Chris Thacker responded to the apartments. Officer Thacker advised plaintiff that Thacker "would write in his report that [plaintiff] had received [his] wallet." In addition, Officer Thacker told plaintiff that the suspect could not be locked up "due to 30 cases of COVID-19."

Eventually, plaintiff spoke with Chief Jones, who said that "according to jail policy," Officer Lacy should have done "a photo line-up instead of bringing the suspect to [plaintiff's] residence [for] identification." (Docket No. 1 at 4; Docket No. 1-1 at 2).

On September 13, 2021, plaintiff called Chief Jones and asked him if his "police report was turned over to the prosecutor for prosecution." (Docket No. 1-1 at 3). Chief Jones told plaintiff that he would find out and let plaintiff know. Plaintiff states that he did not receive a response. He then called the mayor, and the mayor told him that she would "find out what's going on and she would let [him] know." Again, plaintiff received no response.

3

As of September 20, 2021, plaintiff notes that Prosecutor Josh Tomlin still had not received a police report concerning plaintiff's robbery. (Docket No. 1-1 at 4). He states that he is asking the Court "to help [him] get justice," and that the man who robbed him is still at large. (Docket No. 1-1 at 3). Plaintiff suggests that it is possible the man might try to rob him again, and that the police have not done him justice.

Due to this incident, plaintiff states that he has suffered "stress over money taken from [his] wallet to pay car payment, and insurance." (Docket No. 1 at 5). Plaintiff complains that the suspect "was not arrested for robbery," that "no one contacted [him] about any of this," and that "no report was turned over to [the] prosecuting attorney for prosecution." As such, plaintiff seeks $500,000 in damages for the violation of his rights "as a United States citizen."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing defendants of failing to arrest the man who allegedly robbed him. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. Caruthersville Police Department

Plaintiff has named the Caruthersville Police Department as a defendant in this case. A police department, however, is a department or subdivision of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit");

4

and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because the Caruthersville Police Department cannot be sued, the claim against it must be dismissed.

### B. City of Caruthersville

Even if the claim against the Caruthersville Police Department is treated as being made against Caruthersville itself, it is still subject to dismissal. A local governing body such as the City of Caruthersville can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of Caruthersville.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no

5

other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville*

6

*R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

In this case, plaintiff has not provided sufficient facts to support the proposition that the City of Caruthersville has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees.

First, with regard to policy, plaintiff's complaint makes no reference to any City of Caruthersville "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [city's] governing body" as being at issue in this case. Certainly, he has presented no facts demonstrating that he was harmed by "a deliberate choice of a guiding principle or procedure made by the [City of Caruthersville] official who has final authority regarding such matters." Rather than describe a "deliberate choice" made by an "official," plaintiff's facts concern the individual actions of the chief of police and two police officers. The result of these actions was a single instance wherein City of Caruthersville police officers failed to arrest a man who allegedly robbed plaintiff. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, as to custom, plaintiff has not alleged the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" City of Caruthersville employees, much less

that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. Instead of a "persistent pattern," plaintiff describes only a single incident in which City of Caruthersville law enforcement officers failed to arrest a suspect in plaintiff's robbery. As already noted, the Court cannot infer the existence of an unconstitutional custom from one occurrence. That is, it takes more than one occurrence to form a pattern.

Likewise, regarding a failure to train, plaintiff's facts do not show that the City of Caruthersville "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Such notice is typically provided by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." As noted above, plaintiff has not presented facts regarding a pattern, but has confined his allegations to a single incident. One occurrence cannot constitute a pattern.

Finally, to the extent that plaintiff seeks to hold the City of Caruthersville liable for employing Chief Jones, Officer Darnell, and Officer Lacy, the Court notes that respondeat superior is not available in a 42 U.S.C. § 1983 municipal liability claim. *See A.H.*, 891 F.3d at 728 ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory").

For all these reasons, plaintiff has failed to state a claim against the City of Caruthersville. Therefore, to the extent that plaintiff is seeking to hold the city liable, the claim must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**C. Official Capacity Claim Against Chief Jones**

Plaintiff has sued Chief Jones in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*,

8

865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Chief Jones is alleged to be employed by the City of Caruthersville. Thus, as noted above, the official capacity claim against him is actually treated as being made against the city itself, his employer. To prevail on this claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. As discussed at length above, however, plaintiff has not established that the City of Caruthersville is liable for harming him due to an unconstitutional policy, custom, or failure to train. Therefore, the official capacity claim against Chief Jones must be dismissed.

**D. Individual Capacity Claims Against Chief Jones, Officer Darnell, and Officer Lacy**

Plaintiff has sued Chief Jones, Officer Darnell, and Officer Lacy in their individual capacities. He asserts that Officers Darnell and Lacy failed to arrest the suspect who allegedly robbed him, and that Chief Jones has not taken steps to either ensure the suspect's arrest or pass the police report onto the prosecutor for prosecution. Plaintiff's claim fails for the following three reasons.

### i. Lack of Standing

First, plaintiff lacks standing to bring a claim of failure to arrest. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). Thus, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). *See also Auer v. Trans Union, LLC*, 902 F.3d 873, 876-77 (8th Cir. 2018) (stating that "if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction").

Pursuant to the standing requirement, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," unless that person has either been prosecuted or threatened with prosecution himself. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). If a person is not being prosecuted or threatened with prosecution, he or she "lacks standing to contest the policies of the prosecuting authority." *Id. See also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (affirming dismissal of plaintiffs' claims against prosecutors and county for allegedly discriminatory failure to prosecute because plaintiffs were "neither prosecuted nor threatened with prosecution," and thus "lacked standing to bring this claim"). The same rationale concerning the lack of standing to challenge the non-prosecution of another applies "to cases where the alleged victim challenges the decision to arrest or not arrest another." *Nelson v. Maples*, 2016 WL 9047149, at *3 (W.D. Mo. 2016), *aff'd*, 672 Fed. Appx. 621, 621-22 (8th Cir. 2017).

Here, plaintiff has alleged that defendants failed to arrest a man who robbed him. Furthermore, he complains that no prosecution of this man has taken place. As noted above, a plaintiff lacks an interest in the arrest or non-arrest of another person, or the prosecution or non-

10

prosecution of another person, unless the plaintiff is being prosecuted or threatened with prosecution himself. Plaintiff does not allege that he is in the situation of being prosecuted or threatened with prosecution. Therefore, he has no standing to challenge defendants' decision not to arrest the suspect in his robbery. Because plaintiff lacks standing, his individual capacity claims against Chief Jones, Officer Darnell, and Officer Lacy must be dismissed.

### ii.  No Due Process or Equal Protection Violation

Even if plaintiff had standing to bring a failure to arrest claim, he has not demonstrated the violation of a constitutional right. Specifically, to state a 42 U.S.C. § 1983 claim, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Here, it appears that plaintiff is seeking to assert a violation of the Fourteenth Amendment. However, he has not alleged facts demonstrating a violation of either due process or equal protection.

With regard to due process, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195 (1989). In other words, the Due Process Clause "forbids the State itself to deprive individuals of life, liberty, or property without due process of law," but does not "impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id*. Nevertheless, "substantive due process does require a state to protect individuals under two specific circumstances." *Fields v. Abbott*, 652 F.3d 886, 890 (8th Cir. 2011).

> First, the state owes a duty to protect those in its custody. Second, the state owes a duty to protect individuals if [the state] created the danger to which the individuals are subjected.

11

*Id.* (quoting *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005). To succeed on a theory of state-created-danger, a plaintiff must demonstrate five elements:

> (1) that [he or] she was a member of a limited, precisely definable group, (2) that the [defendant's] conduct put [him or] her at a significant risk of serious, immediate, and proximate harm, (3) that the risk was obvious or known to the [defendant], (4) that the [defendant] acted recklessly in conscious disregard of the risk, and (5) that in total, the [defendant's] conduct shocks the conscience.

*Montgomery v. City of Ames*, 749 F.3d 689, 695 (8th Cir. 2014).

In this case, plaintiff alleges that Chief Jones, Officer Darnell, and Officer Lacy violated his constitutional rights by not arresting the man who allegedly robbed him. However, the Due Process Clause does not impose an affirmative duty on the state to protect plaintiff from private actors. Furthermore, the two exceptions to this rule do not apply. First, plaintiff has not alleged that he is in custody. To the contrary, his facts indicate that he is a free and private citizen, and not a prisoner, pretrial detainee, or civil detainee. Second, there is no indication that the state put him at "a significant risk of serious, immediate, and proximate harm." To be sure, plaintiff does mention the possibility that the suspect might rob him again. Nevertheless, he has not presented any facts demonstrating that this is an actual risk, rather than a mere possibility. For example, plaintiff has not alleged that the suspect has approached him again or threatened him in any way, and that law enforcement has been made aware of this threat.

As to equal protection, the Equal Protection Clause generally requires that the government treat similarly situated people alike. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Different treatment of dissimilarly situated persons does not violate the Equal Protection Clause. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 242 (8th Cir. 1994) (rejecting plaintiff's equal protection claim because plaintiff "did not qualify for the interruptible rate and thus is not similarly situated to those customers who negotiated

amended agreements"). "[T]he first step in an equal protection case is determining whether the plaintiff has demonstrated that [he] was treated differently than others who were similarly situated to [him]." *See Klinger v. Dep't of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). Absent this threshold showing of being similarly situated but treated differently, a plaintiff does not have a viable equal protection claim. *Id.*

Here, plaintiff has not demonstrated that he has been treated differently than similarly situated persons. More precisely, he has not alleged that defendants failed to arrest plaintiff's robbery suspect for a discriminatory reason, while arresting suspects involved in robberies against other individuals.

To the extent that plaintiff's complaint can be construed as asserting that defendants acted together in a conspiracy, the Court notes that a 42 U.S.C. § 1983 conspiracy claim requires plaintiff to show a constitutional deprivation. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). As plaintiff has not plausibly alleged the violation of a constitutional right, he likewise cannot establish the existence of a conspiracy.

For all these reasons, plaintiff has failed to state a constitutional violation against Chief Jones, Officer Darnell, and Officer Lacy. Therefore, the individual capacity claims against them must be dismissed.

### iii. Discretion to Not Arrest

The Court further notes that plaintiff has not shown why defendants should not have discretion to determine whether or not to arrest the suspect in plaintiff's robbery. "[D]iscretion is essential to the criminal justice process." *See McCleskey v. Kemp*, 481 U.S. 279, 297 (1987). As such, "officers cannot be expected to make an arrest or initiate a formal investigation in response to every complaint." *Villanueva v. City of Scottsbluff*, 779 F.3d 507, 513 (8th Cir. 2015). *See also*

*Ricketts v. City of Columbia, Mo.*, 36 F.3d 775, 780 (8th Cir. 1994) ("Holding that an officer's failure to arrest for one incident of harassment *causes* a subsequent incident of harassment or violence would essentially take away the officer's discretion to determine when to arrest – a fundamental part of our criminal system") (emphasis in original).

Plaintiff has presented no facts to show that defendants have abused their discretion, other than that he is upset because the suspect has been identified but not yet put in jail or prosecuted. Be that as it may, law enforcement officers are not expected to make an arrest in every complaint, as doing so would likely violate the constitutional rights of the persons being arrested. For this reason as well, plaintiff's individual capacity claims against Chief Jones, Officer Darnell, and Officer Lacy must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of January, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE